In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-078 CV


____________________



IN RE BONDEX INTERNATIONAL, INC.






Original Proceeding






MEMORANDUM OPINION (1)


 On motion for rehearing, our opinion of March 4, 2005, is withdrawn. The
following opinion is substituted in its place.

 Bondex International, Inc. ("Bondex") filed a petition for writ of mandamus and
request for emergency relief on March 3, 2005. Three sets of plaintiffs sued Bondex and
others in a toxic tort case filed in the 128th District Court of Orange County, Texas. The
plaintiffs filed a notice of non-suit as to their claims against Bondex on January 9, 2004. 
The trial court did not enter an order of non-suit, but on January 15, 2004, the trial court
signed an order severing the claims of John F. Schwager, individually and as personal
representative of the Estate of John B. Schwager, ("Schwager") into a separate suit, Cause
No. A030146-C-A. Bondex's answer was included in the pleadings transferred to the
severed cause. On January 10, 2005, Schwager filed a motion to withdraw its non-suit
against Bondex. The trial court granted the motion without notice to the relator. On
February 7, 2005, Bondex filed a motion to reconsider the withdrawal of non-suit. The
trial court conducted a hearing on February 18, 2005, and denied the motion to reconsider. 
 Relator contends the filing of a notice of non-suit placed the parties in the same
position as if the suit had never been filed, that Schwager's claims are barred by
limitations, and that the trial court abused its discretion in permitting the plaintiff to
withdraw the notice of non-suit after limitations expired. Relator contends appeal would
not be an adequate remedy because it did not participate in discovery conducted while the
notice of non-suit was on file, and contends it would be a waste of public resources to
force the relator to endure a trial before the trial court's error is corrected on appeal.

 Mandamus will issue only to correct a clear abuse of discretion or violation of a
duty imposed by law when that abuse cannot be remedied by appeal. Jack B. Anglin Co.,
Inc. v. Tipps, 842 S.W.2d 266, 271 (Tex.1992); Walker v. Packer, 827 S.W.2d 833, 839
(Tex.1992). Under the facts and circumstances brought forward in its petition, the relator
has not demonstrated that appeal would not be an adequate remedy. Accordingly, the
motion for emergency relief and the petition for writ of mandamus are denied. 

 WRIT DENIED.

 PER CURIAM

Opinion Delivered March 17, 2005 

Before Gaultney, Kreger and Horton, JJ.
1. Tex. R. App. P. 47.4.